The Honorable Gary D. Hunter State Senator Route 8, Box 108 Mountain Home, Arkansas 72653
Dear Senator Hunter:
This is in response to your request for an opinion concerning the awarding of contracts by state agencies. In your letter, you indicate that one of your constituents, a speech pathologist, has informed you that he or she has never received a "referral" from the "local state agencies," even after having contacted them to solicit referrals. In light of the foregoing situation, you have presented the following questions:
 1. Is it legal for state-funded agencies to refer to only one source for services?
 2. Is it legal for state agencies to award contracts to providers for services without advertising for bids at the local level?
 3. Is it legal for a privately-owned company to serve as a coordinator of services to state-funded agencies if that company is also the provider of the services?
 4. If state-funded agencies are referring to only one provider source, is this not considered to be a restriction of trade and one's ability to compete for business?
The questions you have posed are very broad and do not involve specific fact situations. The answers must therefore of necessity also be drafted in general terms, outlining the general parameters of the law. It should, however, be remembered that the general conclusions reached in response to your questions may vary with individual fact situations.
Question 1 — Is it legal for state-funded agencies to refer to only onesource for services?
Initially, because your constituent is a speech pathologist, I assume that he or she is concerned with contracts for professional services. Also, it is my understanding that the term "referral," as it is used in your letter, concerns the practice of a state agency contracting with a person or organization to provide the personal services of an individual which are professional in nature. The services rendered under the contract generally are rendered to a third-party at state expense.
In my opinion, a state agency may contract with only one "source" to provide personal services which are professional in nature. Arkansas Code Annotated §§ 19-4-1701 et seq. govern the procurement of professional and consultant services contracts by state agencies. Section 19-4-1702(a) provides:
 A professional services contract between a state agency and a contractor is a contract in which the relationship between the contractor and the agency is that of an independent contractor rather than that of an employee. The services to be rendered consist of the personal services of an individual which are professional in nature. Under such contracts, the agency does not have direct managerial control over the day-to-day activities of the individual providing the services, and the contract shall specify the results expected from the rendering of the services rather than detailing the manner in which the services shall be rendered. Services rendered under a professional services contract may be rendered to the agency itself or to a third party beneficiary.
Nothing in A.C.A. §§ 19-4-1701 et seq. prohibit a state agency from contracting with only one person or organization to provide professional services.
Question 2 — Is it legal for state agencies to award contracts toproviders for services without advertising for bids at the local level?
In my opinion, state agencies are not required to advertise for bids at the local level with regard to the procurement of contracts for professional services. Nothing in Arkansas law even requires competitive bidding with regard to the procurement of contracts for professional services. See Op. Att'y Gen. 90-012; see also A.C.A. § 19-11-203
(professional services procured in accordance with A.C.A. § 19-4-101 etseq. are exempt from the Arkansas Purchasing Law). In fact, A.C.A. §§19-11-801 et seq. prohibit a state agency from utilizing competitive bidding for the procurement of contracts for certain professional services (legal, architectural, engineering, and land surveying).[1]
It should, however, be stated that the Director of the Department of Finance and Administration is authorized to publish general guidelines for the procurement of professional services contracts. See A.C.A. § 19-4-1708. The Department of Finance and Administration's State Accounting Procedures Manual outlines three acceptable methods for the procurement of contracts for professional services such as that of a speech pathologist. See State Accounting Procedures Manual, Part II, Chapter 10 (revised 1/2/1998). The three methods are (1) competitive bid, (2) request for proposal, and (3) contracting with a single source.[2] Whether an appropriate method was utilized in a particular situation is a question of fact, which is beyond the scope of an Attorney General opinion.
Question 3 — Is it legal for a privately-owned company to serve as acoordinator of services to state-funded agencies if that company is alsothe provider of the services?
It is somewhat unclear as to what is meant by a "coordinator of services." I have, however, found nothing in state law that prohibits a state agency from contracting with a company that provides more than one professional service. For purposes of A.C.A. §§ 19-4-1701 et seq., "contractor" means any person or organization which executes a contract with a state agency under which the person or organization agrees to provide professional services. A.C.A. § 19-4-1701.
Question 4 — If state-funded agencies are referring to only one providersource, is this not considered to be a restriction of trade and one'sability to compete for business?
Nothing in A.C.A. §§ 19-4-1701 et seq. prohibit a state agency from contracting with only one contractor to provide professional services. Please see my response to Question 1.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Act 1331 of 1995 amended A.C.A. § 19-11-801 to provide in part:
 It is the policy of the State of Arkansas and political subdivisions that the state and political subdivisions shall negotiate contracts for professional services on the basis of demonstrated competence and qualifications for the type of services required and at fair and reasonable prices and to prohibit the use of competitive bidding for the procurement of professional services. For purposes of this subchapter, the term "professional services" shall include legal, architectural, engineering, land surveying, and such other consulting services as the political subdivision shall designate by two-thirds vote of its governing body.
See also Act 429 of 1995. It is my opinion that when read as a whole, A.C.A. §§ 19-11-801 et seq. permit a municipality or other "political subdivision" to define other consulting services as professional services; however, the provisions likely prohibit a state agency's use of competitive bidding only in the procurement of the four enumerated professional services (legal, architectural, engineering, and land surveying). See generally Ops. Att'y Gen. 97-046, 93-210, and 90-012. This conclusion is supported by the Department of Finance and Administration's State Accounting Procedures Manual. See Footnote 2,infra. In sum, it appears that only a "political subdivision" may designate other professional services for purposes of A.C.A. § 19-11-801et seq.
[2] The State Accounting Procedures Manual provides that the use of competitive bidding for the procurement of contracts for legal, architectural, engineering, and land surveying services is prohibited under A.C.A. § 19-11-801. See Footnote 1, supra. In addition, the manual expressly provides that single source contracts are appropriate for procuring the services of licensed professionals.